IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH N. TALLIE,**

    **Plaintiff,**

    v.                                 **CASE NO. 22-3176-JWL-JPO**

**CRAWFORD COUNTY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Joseph N. Tallie is hereby required to show good cause, in writing, to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I. Nature of the Matter before the Court

Plaintiff is a state prisoner confined at the Crawford County Jail ("CCJ") in Girard, Kansas. The plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff alleges in the Complaint (Doc. 1) that he was committed to the CCJ with no bond from July 2018 to May 2019 without a probable cause hearing in violation of §1 and §9 of the Kansas Bill of Rights and the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. By the time he was given bond in May 2019, he could not afford it. He further claims that he was assigned to the maximum security pod of the CCJ without any process and was not allowed to go outside or to access a law library until January 27, 2020.

1

Plaintiff names the following defendants:  Crawford County, Kansas; the Crawford County Judicial Center; Jennifer Brunetti, Judge of the District Court of Crawford County, Kansas; the State of Kansas; Christina Lloyd, the Crawford County Attorney; Danny Smith, Crawford County Sheriff; and the Crawford County Jail.  Plaintiff seeks declaratory relief, compensatory damages in the amount of $500,000, and punitive damages in the amount of $500,000.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds that the Complaint is subject to dismissal for the following reasons.

### A. Vague, Unclear, and Conclusory Allegations

For the claim based on the lack of bond, Plaintiff provides only unspecific and confusing allegations. Online state court records show that Plaintiff had three criminal cases filed against him in 2018. Plaintiff needs to clarify which case his claim is based on. Further, he should provide the Court with a docket sheet from the case and additional details, such as when he was arrested, whether there was a warrant for his arrest, when he first appeared before the judge, when he requested bond, whether he was represented, when bond was ordered, and whether the case is resolved.

Plaintiff's other claims are similarly vague. Plaintiff needs to provide specific factual allegations about the conditions of his confinement and the dates he was subjected to them.

### B. Improperly Joined Claims and Defendants

The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

FRCP Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

4

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

*Id.* Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George*, 507 F.3d at 607 (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations[1] and the three strikes provisions[2] of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing

---

[1]  28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.* Non-prisoner and prisoner litigants alike should not be allowed to combine their unrelated claims against different defendants into a single lawsuit simply to avoid paying another filing fee in a separate lawsuit. Every litigant is required to responsibly weigh and individually bear, when possible, the costs of his or her decision to pursue litigation of disputes in federal court.

[2]  28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), the plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Complaint violates FRCP Rule 20(a)(2) because it names multiple defendants not shown to be connected to all claims raised in the Complaint by a common occurrence or question of fact or law. It violates FRCP Rule 18(a) because it contains claims not related to other claims against different defendants. To permit Plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in a separate action or actions would allow him to avoid paying the filing fees required for separate actions. It might also allow him to circumvent the three strikes provision set forth in 28 U.S.C. § 1915(g).

Plaintiff is required to file an Amended Complaint stating only those claims he has against a single defendant or, if he again names multiple defendants, stating only those claims arising from the same transaction or occurrence and having common questions of fact or law. Plaintiff must decide which properly joined defendants and claims to include in his Amended Complaint. Any claims or defendants that cannot be properly joined in his Amended Complaint are not lost but may be raised or named in separate complaints submitted for filing as new actions.

### C. Failure to State a Claim based on Classification

Plaintiff claims that he should have received some kind of process before being assigned to the maximum security pod at the CCJ. An inmate does not possess a liberty interest arising

6

from the Due Process Clause in assignment to a particular custody level or security classification or place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221–222 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *Montayne*, 427 U.S. at 243; *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Indeed, inmates have "no legitimate statutory or constitutional entitlement" even if the classification would cause that inmate to suffer a "grievous loss." *Id.* Instead, the custody classification of prisoners is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225.

Plaintiff's claim regarding his security classification is subject to dismissal for failure to state a claim. Plaintiff complains about placement in the maximum security pod. He alleges that he was placed there "without process." This allegation, standing alone, does not present a federal constitutional violation. Moreover, Plaintiff does not name a particular defendant as the person who actually ordered his placement on a particular date and describe that person's wrongful acts.

**D. Failure to State a Claim for Denial of Access to the Courts**

It is well established that a prison inmate has a constitutional right of access to the courts. However, it is equally well settled that in order "to present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."). An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53.

To state a denial of access claim due to lack of legal resources, the inmate must allege something more than that the jail's law library or legal assistance program is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." *Lewis*, 518 U.S. at 348, 350. In order to satisfy the actual injury requirement, the plaintiff must show that, by denying him access to the law library, jail officials frustrated or impeded his ability to file or litigate a non-frivolous action. *Id.* at 351, 354–55; *see Faircloth v. Schwartz*, 2014 WL 446663 (D. Colo. Sept. 10, 2014); *Peterson*, 149 F.3d at 1145. He may allege actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated, or impeded. *Lewis,* 518 U.S. at 350, 353. Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." *Id*. at 351 (*citing Bounds v. Smith*, 430 U.S. 817, 830 (1977)). It follows that the inmate represented by counsel is not entitled to a law library.

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355; *see also Carper v. Deland*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus."). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 356. Nor does an inmate's inability to effectively litigate once in court fulfill the requirement of actual injury. *Lewis*, 518 U.S. at 354.

8

Plaintiff's claim of denial of access to the courts is subject to dismissal because he fails to allege adequate facts in support. Plaintiff claims he was denied access to a law library. However, he provides only general dates and no details to support this claim, and he alleges no facts personally linking the acts of any defendant to this denial.

Plaintiff also fails to satisfy the standing requirement of "actual injury" by showing that the alleged interference with court access hindered his efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351–352; *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996).

Plaintiff is given time to allege additional facts sufficient to support his claim of denial of access. He is required to state what court action or actions he is pursuing, whether or not he is represented by counsel, and how his lawsuit has been actually impeded by the alleged inadequate access to legal materials.

### E. Improper Defendants

Plaintiff names several improper defendants. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). The CCJ and the Crawford County Judicial Center

are subject to dismissal from this action.

In addition, Plaintiff's claim against Judge Brunetti should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts to suggest that the defendant judge acted outside of her judicial capacity.

Plaintiff's claim against the Prosecutor Lloyd also fails on the ground of immunity. Prosecutors are absolutely immune from liability for damages in claims asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claim seems to fall squarely within the prosecutorial function. Plaintiff is directed to show cause why his claim against the county prosecutor should not be dismissed based on prosecutorial immunity.

Last, the State is not a "person" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Moreover, the State of Kansas is absolutely immune from suit for money damages under the Eleventh Amendment. Consequently, suits against the State are barred, absent consent, regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.1 (10th Cir. 2006) (citing *ANR Pipeline Co. v. Lafaver*, 150

F.3d 1178, 1187 (10th Cir. 1998) ("[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself.")); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (It does not matter what form of relief a citizen might request in a suit against a state agency.); *but cf. Will*, 491 U.S. at 71 (The Eleventh Amendment does not prevent suits against individual defendants in their official capacity for injunctive or declaratory relief, or against state officials in their individual capacities, or against private entities.). The State of Kansas is subject to dismissal.

### F. Claims for Damages

Section 1997e(e) . . . provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

Plaintiff's request for compensatory damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e). Plaintiff has not described any physical injury that was caused by the alleged deprivations of his constitutional rights. The Court finds that Plaintiff's claim for actual or compensatory damages is subject to being dismissed unless he alleges facts showing a prior physical injury.

Plaintiff also seeks punitive damages, which are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"

*Searles*, 251 F.3d at 879; (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992); see also *Patel v. Wooten*, 264 F. App'x 755, 760 (10th Cir. 2008) (determining, in the First Amendment context, that prison officials' actions did not "rise to the level of evil intent or reckless or callous indifference to sustain a jury award of punitive damages")). Plaintiff's allegations do not support the finding of evil intent or reckless indifference necessary to make a claim for punitive damages.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why the claims and defendants discussed above should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (22-3176-JWL-JPO) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff is given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **October 3, 2022,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **October 3, 2022,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 12, 2022, in Kansas City, Kansas.**

S/ James P. O'Hara
**JAMES P. O'HARA**
**UNITED STATES MAGISTRATE JUDGE**