IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH N. TALLIE,**

    **Plaintiff,**

    v.                                                  CASE NO. 22-3176-JWL

**CRAWFORD COUNTY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (Memorandum and Order to Show Cause, Doc. 5) ("MOSC"). The MOSC also gave Plaintiff the opportunity to file an amended complaint. Plaintiff filed an Amended Complaint (Doc. 12), and the Court issued a second order to show cause (Memorandum and Order to Show Cause, Doc. 13) ("MOSC II"). Before the Court is Plaintiff's response to the MOSC II (Doc. 15).

**I. Nature of the Matter before the Court**

Plaintiff was a state pretrial detainee confined at the Crawford County Jail ("CCJ") in Girard, Kansas, at the time of filing. The plaintiff proceeds *pro se* and *in forma pauperis*.

In the Amended Complaint, Plaintiff states that he was held at the Crawford County Jail from July, 2018, through January, 2020, with no bond. During that time, he alleges that he was housed in the maximum-security pod of the CCJ and was denied outdoor recreation, denied adequate dental care or dental hygiene items, denied in-person visits, and denied adequate access to a law library.

1

Plaintiff names the following defendants: Crawford County, Kansas; Danny Smith, Crawford County Sheriff; Ryan Dill, Captain with the Crawford County Sheriff's Department and in charge of the CCJ; the Crawford County District Court; and Dan Peak, the former Sheriff of Crawford County. Plaintiff seeks monetary relief in the amount of $250,000, as well as $100,000 for mental anguish resulting from tooth pain.

## III.  DISCUSSION

After reviewing Plaintiff's response to the MOSC II, the Court dismisses some of Plaintiff's claims and one defendant and finds that it needs additional information on other claims.

### A.  Count I: Deprivation of Sunlight and Fresh Air

Plaintiff alleges that his Fourteenth Amendment rights were violated because he was denied access to the outdoors from July, 2018, until January, 2020. In response to the MOSC II, Plaintiff argues that the restriction on outdoor recreation was not reasonably related to any legitimate goal and therefore qualified as unconstitutional punishment.

The Court finds that the proper processing of Plaintiff's claims in Count I cannot be achieved without additional information from appropriate officials of the CCJ.

### B.  Count II: Inadequate Dental Care

Plaintiff alleges that he requested a "better" toothbrush, "adequate" toothpaste, mouthwash, and dental floss, but his requests were denied. (Doc. 12, at 5). He asked to have his teeth cleaned and cavities filled but was denied. Eventually, Plaintiff developed bleeding gums, and a cavity in his back tooth became "worse" and caused Plaintiff "extreme pain." *Id*. at 5-6. He was given ibuprofen for the pain and alleges he "grew dependent" on the medication, resulting in elevated liver enzymes. *Id*. at 6. Plaintiff asserts that Defendant Dill had a policy of

limiting the dental treatment provided at the CCJ to tooth pulls. Eventually, Plaintiff agreed to have the tooth pulled.

The Court finds that the proper processing of Plaintiff's claim of an extraction-only policy at the CCJ cannot be achieved without additional information from appropriate officials of the CCJ.

### C. Count III: Denial of Access to Law Library

In his response, Plaintiff states that he is abandoning this claim. Therefore, Count III is dismissed.

### D. Count IV: Denial of In-Person Visits

Plaintiff claims that he was denied in-person, face-to-face visits at the CCJ, despite the jail having a "through the glass" visiting room. Plaintiff was allowed only video visits on a low-quality camera with other inmates present.

As explained in the MOSC II, there is no right to unfettered visitation for detainees. *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 461 (1989). Restrictive visitation procedures and determinations are clearly within the scope of prison security, and as such are subject to the broad discretion of prison officials. *Overton v. Bazzetta,* 539 U.S. 126, 132 (2003). Count IV is dismissed for failure to state a claim.

### E. Count V: Punishment

Plaintiff argues in his response that the mistreatment he describes in Counts I, II, and VIII amounts to unconstitutional punishment.

"Because pretrial detainees in state custody have not been adjudicated guilty, they have a right under the Fourteenth Amendment's Due Process Clause not to be punished." *Khan v. Barela*, 808 F. App'x 602, 606 (10th Cir. 2020) *(citing Bell v. Wolfish*, 441 U.S. 520, 535 & n.16

(1979)). The Court must therefore decide whether a condition or restriction of pretrial detention "is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* (quoting *Bell*, 441 U.S. at 538). A detainee can establish unconstitutional pretrial punishment upon "a showing of an expressed intent to punish on the part of detention facility officials." *Id.* Although detention facility officials cannot "justify punishment," a restriction or condition that "is reasonably related to a legitimate governmental objective ... does not, without more, amount to punishment." *Id.* (quoting *Bell*, 441 U.S. at 539) (internal quotation marks omitted). However, a court may infer an intent to punish "if a restriction or condition is not reasonably related to a legitimate governmental goal—if it is arbitrary or purposeless." *Id.*

The Court finds that the proper processing of Plaintiff's claim in Count V cannot be achieved without additional information from appropriate officials of the CCJ.

**F.  Count VI: Denial of Bond**

Plaintiff abandons this claim in his response. Therefore, Count VI is dismissed.

**G.  Count VII: Conspiracy to Deprive Plaintiff of his Civil Rights**

Plaintiff alleges in his Amended Complaint that "Crawford County District Court officials" conspired with CCJ "officials" to have him housed in the maximum-security pod with no opportunity for outdoor recreation. (Doc. 12, at 12). Plaintiff again states in his response that a "high ranked guard explain[ed] to him that he was kept in a maximum due to somebody at the Crawford District Courthouse calling them prior to plaintiff's arrival at the jail and ordering them to keep him in a maximum pod without sunlight." (Doc. 15, at 8).

Plaintiff's conspiracy claim is dismissed for failure to allege adequate facts to establish the elements of this claim. As noted in the MOSC II, in order to state a claim of conspiracy,

4

Plaintiff must allege facts showing both an agreement and an actual deprivation of a constitutional right. *See Thompson*, 58 F.3d at 1517. Even though Plaintiff's allegations are accepted as true on initial review, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff asserts conclusory and speculative claims of conspiracy among jail and court officials with no supporting factual allegations. Such bald assertions fail to state a viable claim for relief. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

Count VII is dismissed.

### H. Count VIII: Denial of Equal Protection

Plaintiff alleges that he was singled out from the other inmates without reasonable justification and placed in the maximum-security pod without cause. He claims that other inmates' classification was based on reasonable factors such as behavior, criminal history, and aggravated charges. In his response, Plaintiff states that he watched inmates facing more severe charges get placed in non-maximum pods where they could enjoy outside recreation three times a week. Further, he asserts that he watched people get into fights and go in and out of the hole and still enjoy outside recreation at the lower custody level. (Doc. 15, at 9).

The Court finds that the proper processing of Plaintiff's claims in Count VIII cannot be achieved without additional information from appropriate officials of the CCJ.

### I. Defendants

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)

5

(emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). The Crawford County District Court is dismissed from this action.

## IV. Conclusion

The Court finds that the proper processing of Plaintiff's claims in Counts I, II, V, and VIII cannot be achieved without additional information from appropriate officials of the CCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

The remaining counts are dismissed, and the Crawford County District Court is dismissed as a defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)   Officials responsible for the operation of the CCJ shall submit a *Martinez* Report by **April 28, 2023**. Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint. If the Amended Complaint survives screening, the Court will enter a separate order directing the Clerk to serve the defendants and setting an answer deadline.

(2) Officials responsible for the operation of the CCJ are directed to undertake a review of the subject matter of Counts I, II, V, and VIII of the Amended Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the CCJ officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The CCJ officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of CCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Amended Complaint.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that Counts III, IV, VI, and VII of the Amended Complaint are **dismissed**.

**IT IS FURTHER ORDERED** that the Crawford County District Court is **dismissed** from this action.

Copies of this order shall be transmitted to Plaintiff, to the Crawford County Sheriff, and to the Crawford County District Attorney.

**IT IS SO ORDERED**.

**Dated February 28, 2023, in Kansas City, Kansas.**


   **S/   John W. Lungstrum**
   **JOHN W. LUNGSTRUM**
   **UNITED STATES DISTRICT JUDGE**